**DEFENDANT'S EXHIBIT B-2**

CAUSE NO. **DC-23-04438**

| | | |
|---|---|---|
| DUKE MANUFACTURING COMPANY, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| MICHAEL ANDRUS, | § § | |
| Defendant. | § § | 14th _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Duke Manufacturing Company ("Duke") files this Original Petition against Defendant <u>Michael Andrus</u> ("Andrus"), as follows:

### I.

### PRELIMINARY STATEMENT

During the time that Andrus was acting as an officer and employee of Duke, Andrus embezzled and conspired with others to embezzle over $1,500,000 from Duke. After being indicted and pleading guilty to three federal felony charges, Andrus was sentenced to 31 months in prison, followed by 36 months of supervised release and was ordered to pay $1,500,000 in restitution to Duke. Andrus subsequently violated the terms of his supervised release and entered into a plea agreement in order to avoid being sent back to prison. Pursuant to that agreement, Andrus agreed not to contest the seizure of funds held in Fidelity Investment accounts that were to be paid to Duke as part of his restitution and was further ordered to make monthly restitution payments in the amount of $600 for a period of 96 years. After complying with his obligations under the agreement for many years, Andrus recently breached the agreement by discontinuing his monthly payments and making a claim to the funds in the Fidelity Investment accounts. Duke brings this action to enforce the agreement to which Duke was the third-party beneficiary and to recover the damages it has suffered and will continue to suffer as a result of Andrus' breach.

## II.

## DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190.3, discovery shall be conducted under Discovery Control Plan Level 2.

## III.

## TEXAS RULE OF CIVIL PROCEDURE 47 STATEMENT

2. By this action, Plaintiff seeks monetary relief of over $200,000, but not more than $1,000,000.

## IV.

## JURISDICTION & VENUE

3. Jurisdiction is proper in this Court because Defendant resides in Dallas, Texas and the conduct of Defendant that breached the agreement took place in Texas. This Court has subject matter jurisdiction over this cause because the amount in controversy is within the Court's jurisdictional limits.

4. Venue is proper in this Court because Andrus resides in Dallas, Texas and the conduct of Andrus that breached the agreement took place in Dallas, Texas.

## V.

## PARTIES

5. Duke is a corporation organized under and existing pursuant to the laws of the State of Missouri with its principal place of business in Missouri.

6. Defendant Michael Andrus is an individual residing in Dallas County, Texas. Andrus may be served with process by serving him at his residence at 607 Aspen Valley Lane Dallas, TX 75208, or wherever he may be found.

## VI.

## FACTS

**Andrus' Criminal Conduct, Sentence and Plea Agreement.**

7. Prior to 1998, Andrus was an employee and officer of Duke and in that capacity had access to the books, records, assets and financial accounts and funds of Duke. During the course of his employment with Duke, Andrus embezzled and conspired with others to embezzle over $1,500,000 from Duke.

8. In 1998, Andrus was arrested and served with a 5-Count Federal Indictment in the United States District Court for the Eastern District of Missouri in Case No. 4:98CR00006ERW in connection with his embezzlement of funds from Duke. Andrus pled guilty to three of those Counts and was sentenced to 31 months in prison, followed by 36 months of supervised release and was ordered to pay $1,500,000 in restitution to Duke.

9. Following his release from prison, Andrus violated the terms of his supervised release and faced the prospect of being returned to prison. In order to avoid additional prison time and protect the rights of Duke as the victim of Andrus' embezzlement, Andrus and the Office of the United States Attorney for the Eastern District of Missouri ("United States") entered into an Admissions and Agreement Regarding Probation Officer's June 17, 2003 Recommendation of Revocation of Supervised Release (the "Agreement") pursuant to which Andrus admitted that he violated the terms of his supervised release and specifically agreed not to contest the seizure of funds in his Fidelity Investment accounts as part of his restitution obligation to Duke and the United States agreed not to seek additional prison time for Andrus. As further restitution to Duke and to further protect its rights, Andrus was also ordered to make monthly restitution payments for the benefit of Duke in the amount of $600 for a period of 96 years.

10. Duke was and is the identified Payee of the restitution to be paid by Andrus and is the third-party beneficiary of the Agreement. Until recently, Andrus complied with his restitution obligations under the Agreement and never denied or questioned his obligations under the Agreement or his liability to Duke with respect to the funds in the Fidelity Investment accounts and the monthly payments due to Duke.

11. In 2022, Andrus breached the Agreement by contesting the seizure of the funds in the Fidelity Investment accounts and asserting a claim thereto and by discontinuing the monthly restitution payments he had been making for the benefit of Duke. Duke brings this action to enforce its rights as the third-party beneficiary under the Agreement and to recover the damages it has suffered and continues to suffer as a result of Andrus' breach of the Agreement.

## VII.

## CAUSES OF ACTION

**Count 1: Breach of Contract.**

12. Duke hereby incorporates the allegations set forth in the above paragraphs as if fully set forth herein.

13. Andrus and the United States entered into the Agreement pursuant to which the United States agreed not to seek addition prison time for Andrus and Andrus specifically agreed not to contest the seizure of funds in the Fidelity Investment accounts as part of his restitution obligation to Duke and was further ordered to make monthly restitution payments for the benefit of Duke in the amount of $600 for a period of 96 years. Duke was and is the third-party beneficiary of the Agreement.

14.     The United States complied with its obligations under the Agreement. As a third-party beneficiary of the Agreement, Duke had no obligations thereunder but has taken no actions inconsistent with the terms of the Agreement.

15.     In 2022, Andrus breached his obligations under the Agreement by contesting the seizure of the funds in the Fidelity Investment accounts and asserting a claim thereto and by discontinuing the monthly restitution payments he had been making for the benefit of Duke.

16.     As a result of Andrus' breach of the Agreement, Duke has suffered and continues to suffer actual damages in an amount of in excess of $300,000, the exact amount to be proven at trial.

17.     As a further result of Andrus' breach of the Agreement, Duke has been forced to retain the services of the undersigned counsel, and Duke has incurred, and will further incur, costs in connection with the prosecution of this suit, including attorneys' fees and other costs. As such, Duke is entitled to recover any and all reasonable attorneys' fees and costs, pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001. Duke also requests it be awarded all lawful pre-judgment and post-judgment interest.

## VIII.

## BENCH TRIAL

18.     Duke hereby requests a bench trial of all issues set forth in this Petition and all issues that may hereafter arise in this action.

## IX.

## **REQUEST FOR RELIEF**

For all the foregoing reasons, Plaintiff Duke Manufacturing Company respectfully requests that Defendant Michael Andrus be cited to appear and answer, and that this Court enter a judgment in Duke's favor and against Andrus, providing for the following relief:

(a) Judgment against Andrus in an amount to be determined by the trier of fact;

(b) an Order and Judgment declaring that pursuant to the Agreement Andrus has no right or interest in the funds held in the Fidelity Investment accounts and that such funds belong to and shall be turned over to Duke as part of restitution owed to Duke under the Agreement;

(c) Prejudgment and post-judgment interest at the highest lawful rate;

(d) All attorneys' fees and costs allowed by law; and

(e) Such further relief as the Court may deem appropriate and to which Duke may be entitled.

Dated:  April 6, 2023.

Respectfully submitted,

**STINSON LLP**

By:  /s/ Michael P. Aigen
Michael P. Aigen
State Bar No. 24012196
michael.aigen@stinson.com
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560- 2201
Telecopier: (214) 560-2203